[Crim. No. 1604. Second Appellate District, Division One.—
April 9, 1928.]

THE PEOPLE, Respondent, v. DELMAR CALKINS,
Appellant.

Ira L. Brunk for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy
Attorney-General, and Warner I. Praul for Respondent.

SHAW, J., *pro tem.*— Defendant, who was convicted of rape, appeals from the judgment and from an order denying his motion for a new trial. His brief is almost devoid of argument. As to ten alleged errors he contents himself with setting forth in an appendix to his brief the rulings complained of and declaring as to each one that "the trial court committed error in its ruling." He also states that the entire action of the trial court in giving and refusing instructions was erroneous, without assigning any reason for this statement, and claims that the evidence is insufficient to support the verdict, without pointing out any deficiency therein. We are not required to notice points made in this manner. We have, however, looked at the rulings shown in the brief and see no error in them, and have also examined the record sufficiently to ascertain that there is evidence in support of the verdict and that the action of the court in the matter of instructions appears to be correct.

 The other point made is that his motion for a new trial should have been granted because of misconduct of the district attorney in his argument to the jury. This alleged misconduct is shown only by an affidavit which was filed at the hearing of the motion for a new trial. This affidavit shows no prejudicial error. When objection was made to the district attorney's argument, the court at once informed him that it was unwarranted, and while no express direction was given to the jury to disregard the argument, the district attorney formally acquiesced and abandoned the argument. The argument complained of related to a mere incidental and collateral matter, and the misconduct was not of such a grave character as to constitute ground for a reversal under these circumstances.

The judgment and the order denying a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.